UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:
JOHN KENNETH PRITCHARD, Case no. 19-12791-BKC-JKO
Debtor(s). / Chapter 7

SANTANDER CONSUMER USA, INC.'S MOTION FOR RELIEF FROM STAY AND CERTIFICATE OF SERVICE OF NOTICE OF HEARING
*(Hearing requested after 341 meeting on April 9, 2019)*

Santander Consumer USA, Inc. (hereinafter Santander), pursuant to 11 U.S.C. 362(d)(1), moves for relief from the stay as follows:

1. On March 1, 2019, debtor(s) filed for Chapter 7 of the Bankruptcy Code.

2. On February 24, 2010, debtor executed a contract pertaining to the purchase of a **2006 TOYOTA TUNDRA SR5 DOUBLE CAB 2WD V8, VIN 5TBET34126S542765 (Account #XXX2386).** A copy of the contract is attached as Exhibit A. The assignment of the contract to Santander is located at the bottom of Page 1 of Exhibit A.

3. On November 10, 2017, debtor executed a Modification Agreement for the referenced vehicle. A copy of the modification is attached as Exhibit B.

4. Santander noted its lien on the vehicle's title. Proof of title is attached as Exhibit C.

5. Debtor defaulted by failing to remit the monthly payments due for October 24, 2018 (partial payment in the amount of $229.97 due) and November 24, 2018 through February 24, 2019 in the amount of $460.27 each, plus fees in the amount of

$1,651.60.

5. The payoff balance owed on this loan account is **$8,342.20**, as of March 7, 2019, excluding attorney fees and costs. An affidavit of indebtedness is attached as Exhibit D.

6. Santander Consumer USA, Inc. has been unable to verify insurance coverage on the vehicle.

7. A proposed order is attached as Exhibit E.

**WHEREFORE**, Santander requests an order under section 362(d)(1) modifying the stay so that Santander may repossess or replevy the vehicle, sell the vehicle, and apply the proceeds of the sale to the debt owed to Santander, and determining that Federal Rule of Bankruptcy Procedure 4001(a)(3) is not applicable and Santander may immediately enforce and implement the stay relief order.

**I HEREBY CERTIFY** that I am admitted to the bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

**I HEREBY CERTIFY** that on February 1, 2019, copies of the foregoing motion and notice of hearing were transmitted via ECF to Office of the US Trustee, Chad S. Paiva, Trustee, and Jeffrey Solomon, Esq., attorney for debtor & mailed to John Kenneth Pritchard, debtor, 2500 Middle River Dr., Fort Lauderdale, FL 33305.

GERARD M. KOURI, JR., P.A.
Attorney for SANTANDER
5311 King Arthur Avenue, Davie, FL 33331
Tel: (954)862-1731, Fax (954)862-1732

By: /s/ *Gerard M. Kouri, Jr., Esq.*
GERARD M. KOURI, JR., ESQ.
FBN 375969

# RETAIL INSTALLMENT SALE CONTRACT
## SIMPLE FINANCE CHARGE

Dealer Number ______ Contract Number ______

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| JOHN KENNETH PRICHARD<br>804 SW 17 ST<br>FORT LAUDERDALE FL 33315 | | TRIANGLE AUTO CENTER INC<br>DBA TOYOTA OF HOLLYWOOD<br>1841 N. STATE ROAD 7<br>HOLLYWOOD FL 33021 |
| Buyer's Birth Month: | Co-Buyer's Birth Month: | |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis at the Base Rate of 23.8% per year. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Weight (lbs.) | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| USED | 2006 | TOYOTA TUNDRA | | 5TBET34126S542765 | xx ☐ personal, family or household<br>☐ business<br>☐ agricultural ☐ ______ |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $3300.00 |
|---|---|---|---|---|
| 23.81 % | $ 16923.6 | $ 19022.39 | $ 35946.00 | $ 39246.00 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 499.25 | Monthly beginning 03/26/2010 |

Or As Follows:

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of 5 % of each installment.

**Prepayment.** If you pay off all your debt early, you may have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, prepayment penalties, any required repayment in full before the scheduled date and security interest.

**ITEMIZATION OF AMOUNT FINANCED**

1 Cash Price (including $ 1258.50 sales tax) $ 22253.54 (1)

2 Total Downpayment =

Trade-in ______ (Year) (Make) (Model)

Trade-in ______ (VIN)

| | |
|---|---|
| Gross Trade-In Allowance | $ N/A |
| Less Pay Off Made By Seller | $ N/A |
| Equals Net Trade In | $ N/A |
| + Cash | $ 3300.00 |
| + Other | $ N/A |

(If total downpayment is negative, enter "0" and see 4J below) $ 3300.00 (2)

3 Unpaid Balance of Cash Price (1 minus 2) $ 18953.54 (3)

4 Other Charges Including Amounts Paid to Others on Your Behalf (Seller may keep part of these amounts):

A Cost of Optional Credit Insurance Paid to Insurance Company or Companies.

Life $ N/A

Disability $ N/A $ N/A

B Vendor's Single Interest Insurance Paid to Insurance Company $ N/A

C Other Optional Insurance Paid to Insurance Company or Companies $ N/A

D Optional Gap Contract $ N/A

E Official Fees Paid to Government Agencies $ N/A

F Government Documentary Stamp Taxes $ 66.85

G Government Taxes Not Included in Cash Price $ N/A

H Government License and/or Registration Fees

LIEN 2.00 $ 2.00

I Government Certificate of Title Fees $ N/A

J Other Charges (Seller must identify who is paid and describe purpose)

| to | for | $ |
|---|---|---|
| to | for Prior Credit or Lease Balance | $ N/A |
| to | for | $ N/A |
| to | for | $ N/A |
| to | for | $ N/A |
| to | for | $ N/A |
| to | for | $ N/A |
| to | for | $ N/A |
| to | for | $ N/A |

Total Other Charges and Amounts Paid to Others on Your Behalf $ 68.85 (4)

5 Loan Processing Fee Paid to Seller (Prepaid Finance Charge) $ N/A (5)

6 Amount Financed (3 plus 4) $ 19022.39 (6)

OPTION: ☐ You pay no finance charge if the Amount Financed, item 6, is paid in full on or before N/A, Year ____. SELLER'S INITIALS N/A

OPTIONAL GAP CONTRACT. A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term N/A Mos. N/A Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X ______

☐ VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance): If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. **You may choose the insurance company through which the VSI insurance is obtained.** If you elect to purchase VSI insurance through the Creditor, **the cost of this insurance is** $ N/A and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

You authorize us to purchase Vendor's or Lender's Single Interest Insurance.

Buyer Signs X ______ Co-Buyer Signs X ______ Date: ______

Returned Check Charge: If any check or order of payment you give us is dishonored, you will pay a charge if we make demand that you do so. The charge will be $25 if the check amount is $50 or less; $30 if the check is over $50 but not more than $300; $40 if the check amount is over $300, or such amount as permitted by law.

Florida documentary stamp tax required by law in the amount of $ 66.85 has been paid or will be paid directly to the Department of Revenue.

Certificate of Registration No. ______

**Insurance.** You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked below. Your choice of insurance providers will not affect our decision to sell you the vehicle or extend credit to you.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**

**Optional Credit Insurance**

☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both

Term N/A

☐ Credit Disability (Buyer Only)

Term N/A

Premium:

Credit Life $ N/A

Credit Disability $ N/A

Insurance Company Name ______

Home Office Address ______

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments.

If the box above is checked to indicate that you want credit life insurance, please read and sign the following acknowledgments:

1. You understand that you have the option of assigning any other policy or policies you own or may procure for the purpose of covering this extension of credit and that the policy need not be purchased from us in order to obtain the extension of credit.

X ______ Buyer ______ Date

X ______ Co-Buyer ______ Date

2. You understand that the credit life coverage may be deferred if, at the time of application, you are unable to engage in employment or unable to perform normal activities of a person of like age and sex. (You need not sign this acknowledgement if the proposed credit life insurance policy does not contain this restriction.)

X ______ Buyer ______ Date

X ______ Co-Buyer ______ Date

3. You understand that the benefits under the policy will terminate when you reach a certain age and affirm that your age is accurately represented on the application or policy.

X ______ Buyer ______ Date

X ______ Co-Buyer ______ Date

**Other Optional Insurance**

☐ N/A Type of Insurance N/A Term

Premium $ N/A

Ins. Co. Name & Address N/A N/A N/A

☐ N/A Type of Insurance N/A Term

Premium $ N/A

Ins. Co. Name & Address N/A N/A N/A

☐ N/A Type of Insurance N/A Term

Premium $ N/A

Ins. Co. Name & Address N/A N/A N/A

☐ N/A Type of Insurance N/A Term

Premium $ N/A

Ins. Co. Name & Address N/A N/A N/A

☐ N/A Type of Insurance N/A Term

Premium $ N/A

Ins. Co. Name & Address N/A N/A N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.

X ______ Buyer Signature ______ Date

X ______ Co-Buyer Signature ______ Date

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT.**

**SELLER'S RIGHT TO CANCEL - If Buyer and Co-buyer sign here, the provisions of the Seller's Right to Cancel section on the back, which gives the Seller the right to cancel within N/A days, will apply.** N/A

X N/A ______ **Buyer Signs** X ______ **Co-Buyer Signs**

**NO COOLING OFF PERIOD**

**State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.**

***The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.***

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs X [signature] Co-Buyer Signs X ______

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

See back for other important agreements.

**NOTICE TO THE BUYER: a) Do not sign this contract before you read it or if it contains any blank spaces. b) You are entitled to an exact copy of the contract you sign. Keep it to protect your legal rights.**

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read both sides of this contract, including the arbitration clause on the reverse side, before signing below. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X [signature] Date 02/24/2010 Co-Buyer Signs X ______ Date ______

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X ______ Address ______

Seller signs TRIANGLE AUTO CENTER INC Date 02/24/10 By X [signature] Title [signature]

Seller assigns its interest in this contract to SANTANDER CONSUMER USA (Assignee) under the terms of Seller's agreement(s) with Assignee.

☐ Assigned with recourse ☐ Assigned without recourse ☐ Assigned with limited recourse

Seller TRIANGLE AUTO CENTER INC By [signature] Title [signature]

LAW FORM NO. 553-FL-ARB (REV 9/08) U.S. PATENT
© 2008 The Reynolds and Reynolds Company
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

ORIGINAL LIENHOLDER

Exhibit A

## OTHER IMPORTANT AGREEMENTS

**1. FINANCE CHARGE AND PAYMENTS**

a. **How we will figure Finance Charge.** We will treat any Prepaid Finance Charge as fully earned on the date of this contract. We will figure the rest of the finance charge on a daily basis at the Base Rate on the unpaid part of your Principal Balance. Your Principal Balance is the sum of the Amount Financed and the Prepaid Finance Charge, if any.

b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of your Principal Balance and to other amounts you owe under this contract in any order we choose.

c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

d. **You may prepay.** You may prepay all or part of your Principal Balance at any time. If the contract is paid in full within six months after the date you sign it, we may impose an acquisition charge, not exceeding $75, for services performed on your behalf for processing this contract. If you prepay, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

e. **You may ask for a payment extension.** You may ask us for a deferral of the scheduled due date of all or any part of a payment (extension). If we agree to your request, we may charge you a $15 extension fee. You must maintain the physical damage insurance required by this contract (see below) during any extension. If you do not have this insurance, we may buy it and charge you for it as this contract says. You may extend the term of any optional insurance you bought with this contract to cover the extension if the insurance company or your insurance contract permits it, and you pay the charge for extending this insurance.
If you get a payment extension, you will pay additional finance charges at the Base Rate on the amount extended during the extension. You will also pay any additional insurance charges resulting from the extension, and the $15 extension fee if we charge you this fee.

**2. YOUR OTHER PROMISES TO US**

a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

c. **Security Interest.**
You give us a security interest in:
- The vehicle and all parts or goods put on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle.

d. **Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium of the insurance and a finance charge at the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

**3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

a. **You may owe late charges.** You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.
If you pay late, we may also take the steps described below.

b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
- You do not pay any payment on time;
- You give false, incomplete, or misleading information on a credit application;
- You start a proceeding in bankruptcy or one is started against you or your property; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of your Principal Balance plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c. **You may have to pay collection costs.** If we hire an attorney to collect what you owe, you will pay the attorney's fee and court costs as the law allows. This includes any attorneys' fees we incur as a result of any bankruptcy proceeding brought by or against you under federal law.

d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.

f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

**4. WARRANTIES SELLER DISCLAIMS**
**Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

**5. Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**
**Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

**6. Optional Service Contracts.**
You are not required to buy a service contract to obtain credit. Your choice of service contract providers for any service contracts you buy will not affect our decision to sell or extend credit to you.

**7. Rejection or Revocation.**
If you are permitted under Florida's Uniform Commercial Code to reject or revoke acceptance of the vehicle and you claim a security interest in the vehicle because of this, you must either: (a) post a bond in the amount of the disputed balance; or (b) deposit all installment payments as they become due into the registry of a court of competent jurisdiction.

**8. Servicing and Collection Contacts.**
You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

**9. Applicable Law**
Federal law and the law of the state of our address shown on the front of this contract apply to this contract.

**Seller's Right to Cancel**

**a. Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take a few days for Seller to verify your credit, locate financing for you on the exact terms shown on the front of this contract, and assign this contract to a financial institution. You agree that Seller has the number of days stated on the front of this contract to assign this contract. You agree that if Seller is unable to assign this contract within this time period to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel this contract.**

**b. If Seller elects to cancel per Paragraph a above, Seller will give you written notice (or in any other manner in which actual notice is given to you). In that event, you may have the option of negotiating and signing a new contract with different financing terms (for example, a larger down payment, a higher annual percentage rate, a required cosigner, etc.) or you may pay with alternate funds arranged by you.**

**c. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give you back all consideration Seller has received in accordance with the terms of the Retail Purchase Agreement or Buyers Order.**

**d. If you do not immediately return the vehicle, Seller may use any legal means to take it back (including repossession) and you will be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees.**

**e. While the vehicle is in your possession, all terms of this contract, including those relating to use of the vehicle and insurance for the vehicle, are in full force and you assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage done to the vehicle while the vehicle is in your possession.**

**f. The terms of this Seller's right to cancel survive Seller's cancellation of this contract.**

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only if the "personal, family or household" box in the "Primary Use for Which Purchased" section of this contract is checked. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

**ARBITRATION CLAUSE**

**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Clause shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose one of the following arbitration organizations and its applicable rules: the National Arbitration Forum, Box 50191, Minneapolis, MN 55405-0191 (www.arb-forum.com), the American Arbitration Association, 335 Madison Ave., Floor 10, New York, NY 10017-4605 [illegible] or any other organization that you may choose subject to our approval. You may get a copy of the rules of these organizations by contacting the arbitration organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law in making an award. The arbitration hearing shall be conducted in the federal district in which you reside unless the Creditor-Seller is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will advance your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $2500, which may be reimbursed by decision of the arbitrator at the arbitrator's discretion. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Clause, then the provisions of this Arbitration Clause shall control. The arbitrator's award shall be final and binding on all parties, except that in the event the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party, that party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel. The appealing party requesting new arbitration shall be responsible for the filing fee and other arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs. Any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration.

You and we retain any rights to self-help remedies, such as repossession. You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Clause shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Clause, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Clause shall be unenforceable.



11/10/17
John Prichard
2500 Middle River Dr
Fort Lauderdale, FL 33305

Phone: [redacted]
Fax No:

**Original Principle Balance:** 19022.39

**Current Principle Balance*:** 11046.37

**MODIFICATION AGREEMENT ("Agreement")**

The Borrower and/or Co-Borrower, as applicable (hereinafter referred to as "you" or "your") has requested that Santander Consumer USA Inc. ("SC") modify certain terms of your Note and Security Agreement or Retail Installment Contract (the "Contract") currently held by SC. In consideration of your request, and for other good and valuable consideration, you and SC agree as follows:

**MODIFICATION.** SC agrees to modify the terms of your Contract as set forth below. The effective date of the modified terms shall be the date SC accepts and signs this Agreement, provided you sign and return this Agreement to SC **within 10 days of the date set forth above**, and make the Progress Payment for Overdue Amounts set forth below. Your next monthly payment is due on the date set forth in the Next Regular Payment Due box below. The Contract will be modified as follows:

| Current APR | Current Monthly Payment Due | Current Payment Amount | Current Maturity Date | Current Number Of Payments |
|---|---|---|---|---|
| 18.00 | 24th of each month | 499.25 | 10/24/17 | 88 |

| New APR | New Monthly Payment Due | New Payment Amount | New Maturity Date | New Number Of Payments |
|---|---|---|---|---|
| 0.00 | 24th of each month | 460.27 | 11/24/19 | 24 |

| Next Regular Payment Due |
|---|
| 12/24/17 |

**PROGRESS PAYMENT FOR OVERDUE AMOUNTS.** This Agreement is conditioned on you making a payment of $0.00 ("Progress Payment for Overdue Amounts"). This payment is not a fee charged by SC to agree to modify your Contract. It is a payment that will be applied to your balance in accordance with the Contract.

* This amount is not a payoff.

Exhibit B



John Prichard

You acknowledge and understand that: (a) this Agreement only modifies your contractual obligation as set forth above, and all Contract terms and provisions not expressly modified by this Agreement remain unchanged and in full force and effect; (b) the Progress Payment for Overdue Amounts will first be applied to the accrued and unpaid finance charge, and the remainder of this payment, if any, will be applied to reduce the unpaid amount financed; and (c) as a result of this Agreement, even if you make all subsequent monthly payments on time, the unpaid amount financed may not be reduced as rapidly as it would have under the original payment schedule, which may result in your paying more finance charges over the term of the Contract than originally disclosed. By signing this agreement, you are confirming your ability to make all future payments on time

**INSURANCE.** You acknowledge and understand that this Agreement does not include an extension of insurance or GAP coverage, if any, for which a separate charge was included in the Contract. You assume full responsibility for extending such coverage.

**NOTICE.** If you have filed bankruptcy, this Agreement is not a reaffirmation of your debt, and you should notify us immediately.

**RELEASE.** In consideration of SC's agreement to modify the terms of your Contract as set forth above, you hereby release and hold harmless SC, its affiliates, and their respective officers, directors, employees, agents, successors, and assigns, from any and all claims, actions, and causes of action arising out of or in any way connected with the Contract, or SC's servicing of the Contract, from the date of the Contract through the date of this Agreement.

**ARBITRATION.** As additional consideration for SC's agreement to modify the terms of your Contract as set forth above and forbear from exercising its remedies under the Contract, you and SC agree that upon written request by either party that is submitted according to the rules for arbitration, any Claim, except those specified below, shall be resolved by binding arbitration in accordance with (i) the Federal Arbitration Act, (ii) the Rules of the chosen Administrator, and (iii) this Arbitration Provision.

(a) Claims Covered. "Claim" means any claim, dispute, or controversy now or hereafter existing between you and SC, including without limitation, any claims arising out of, in connection with, or relating to the Contract, and any modification, extension, application, or inquiry of credit or forbearance of payment; any trade-in of a vehicle; any products, goods and/or services, including the installation thereof, purchased in connection with the Contract; any insurance, service contract, extended warranty, auto club membership or debt cancellation agreement purchased in connection with the Contract; the closing, servicing, collecting or enforcing of the Contract; whether the claim or dispute must be arbitrated; the validity of this Agreement, except as relates to the class action waiver (which term is defined below under "No Class Actions/ No Joinder of Parties") – the validity and effect of the class action waiver may be determined only by a court and not by an arbitrator; any negotiations between you and SC; any claim or dispute based on an allegation of fraud or misrepresentation, including without limitation, fraud in the inducement of this or any other agreement; and any claim or dispute based on state or federal law, or an alleged tort. You and SC also agree to submit to final, binding arbitration any claim or dispute that you or SC has against all persons and/or entities (i) who are involved with the Contract, (ii) who signed or executed any document relating to the Contract or any Claim, and (iii) who may be jointly or severally liable to either you or SC regarding any Claim.

EXCLUSION FROM ARBITRATION. The following type of matters will not be arbitrated:
- Any Claim where all parties collectively (including multiple named parties) seek, in the aggregate, $15,000 or less in total monetary relief, including but not limited to compensatory, statutory and punitive damages, restitution, disgorgement, and costs and fees (including attorney's fees); or any Claims brought in a small claims court. If you attempt to assert any Claim on behalf of a putative class of persons, in violation of other terms in this Agreement, the value of such Claim will, for purposes of this exclusion, be deemed to exceed $15,000. If any party fails to specify the amount being sought for any relief, or any form or component of relief, the amount being sought shall, for purposes of this exclusion, be deemed to exceed $15,000.



Participation in a lawsuit or seeking enforcement of this section by a court shall not waive the right to arbitrate.

(b) Commencing Arbitration. The party initiating arbitration must choose one of the following arbitration Administrators and follow the rules and procedures that govern disputes established by the chosen Administrator ("Rules"): (1) American Arbitration Association, 335 Madison Avenue, New York, NY 10017-4605, or (2) National Arbitration Forum, P.O. Box 50191, Minneapolis, MN 55405, www.arbitration-forum.com. The Rules and a form of demand for arbitration are available from each Administrator. SC or you may bring an action, including a summary or expedited proceeding, to compel arbitration of any Claim, and/or to stay the litigation of any Claim pending arbitration, in any court having jurisdiction. Such action may be brought at any time, even if a Claim is part of a lawsuit, up until the entry of a final judgment.

(c) Place of Arbitration. Arbitration shall be conducted in the county of your residence, unless all parties agree to another location.

(d) No Class Actions/ No Joinder of Parties. Claims and disputes by or on behalf of other persons not a party to the Contract will not be arbitrated in any proceeding considering your Claims. You may not serve as a class representative or participate as a member of a class of claimants or act as a private attorney general with respect to any Claim against any party entitled to compel arbitration under this Agreement. You and SC agree that all Claims must be resolved on an individual basis through arbitration and that representative actions, such as class actions, are prohibited (this is referred to below as the "class action waiver").

(e) Governing Law. The Federal Arbitration Act, 9 U.S.C. §§ 1 et seq., shall govern this arbitration provision. The arbitrator shall make his or her decision in accordance with applicable substantive law consistent with the Federal Arbitration Act and applicable statutes of limitations, and shall be empowered to award any damages or other relief provided for under applicable law. Judgment upon any arbitration award may be entered in any court having jurisdiction.

(f) Costs of Arbitration. SC will advance any arbitration filing fee, administrative fee, and hearing fee, which you are required to pay to pursue a Claim in arbitration, if you are unable to pay the filing fees and you tell SC in writing that you are unable to pay such filing fees. The arbitrator will decide who will be ultimately responsible for paying those fees. In no event will you be required to reimburse SC for any arbitration filing, administrative or hearing fees in an amount greater than what your court costs would have been if the Claim had been resolved in a court having jurisdiction. There may be other expenses during arbitration, such as attorney's fees, costs of travel to the arbitration, experts and witnesses. The applicable arbitration Rules will determine who will pay such amounts. If there are no such rules, each party will bear their own expenses. SC will also pay amounts that the arbitrator determines that must be paid to assure the enforceability of this Arbitration Clause.

(g) Conflicts. To the extent that you have signed another agreement(s) with an arbitration provision ("Other Arbitration Provisions") that may apply to Claims, the Arbitration provision of this Agreement shall control and supersede the Other Arbitration Provisions with respect to Claims.

(h) Other Important Agreements. This Agreement applies even if the Contract has been paid in full, charged-off by SC, or discharged in bankruptcy. If any part of this Agreement or the arbitration Rules is determined to be invalid or unenforceable other than the class action waiver, it shall not impair or affect the enforceability of the other terms of this Agreement, the arbitration Rules, or the Contract. If the class action waiver is invalid or unenforceable, the rest of this Arbitration Provision shall be unenforceable. In the event of a conflict or inconsistency between this Agreement and the arbitration Rules or the other provisions of the Contract, this Agreement shall govern.

**MISCELLANEOUS.** In the event of any conflict between any provision of this Agreement and any provision of the Contract, the provisions of this Agreement shall control. This Agreement shall not be construed to be a satisfaction, novation or partial or total release of the Contract. This Agreement may be executed in one or more counterparts, each of which when so executed shall be deemed to be an original. This Agreement may be executed by facsimile signatures, and shall be valid and binding on any party signing this Agreement in such fashion. You agree to sign and return this Agreement to SC at the address and fax number shown above.



**TELEPHONE MONITORING.** You consent to and agree that Santander Consumer USA Inc. may monitor and record telephone calls made or received by Santander Consumer USA Inc. or its agents regarding the Contract or your account to assure the quality of our service or for other reasons.

### *CONSENT TO TELEPHONE / CELL PHONE CONTACTS AND USE OF AUTOMATION TO CONTACT YOU.*

To ensure that consumer's inquiries are handled promptly, courteously, and accurately, some of the phone calls between you and us or any of our affiliates, agents, assigns and service providers, may be monitored and recorded by us and any of our affiliates, agents, assigns and service providers, to enhance service to you. You consent to this monitoring and recording.

You agree that, in order for us to service this contract or to collect any amounts you owe, that Santander Consumer USA Inc. may from time to time make calls and/or send text messages to you at any telephone number associated with your account, including wireless telephone numbers that could result in charges to you. The manner in which these calls or text messages are made to you may include, but is not limited to, the use of prerecorded/artificial voice messages and/or automatic telephone dialing system. You further agree that in order for us to service this contract or to collect any amounts you owe, that Santander Consumer USA Inc. may send e-mails to you at any e-mail address you provide us or use other electronic means of communication to the extent permitted by law. Consent may be revoked at any time by any reasonable means.

By signing below, you acknowledge you have read and understood its terms and content, and that you agree to the herein contained. You agree to sign and return this Agreement to SC at the address and fax and number shown above.

**AUTO PAY NOTICE: You confirm that you want to continue your Auto Pay with SC during the term of this Agreement. You authorize SC to debit the monthly payment owed to SC, from the bank account listed in your Auto Pay Enrollment Form, in the amount disclosed under the New Payment Amount during the term of this Agreement.**

[signature] 11/10/17

Buyer Date

Co-Buyer Date

# Vehicle Information Check

| Vehicle Information: | | | |
|---|---|---|---|
| **Vehicle Identification Number:** | 5TBET34126S542765 | **Year/Make:** | 2006 TOYOTA |
| **Previous Title State:** | FLORIDA | **Registration Expiration Date:** | 2/22/2020 |
| **Title:** | 96770614 | **Title Issue Date:** | 3/19/2010 |
| **Title Status:** | ACTIVE | **Title Print Date:** | 3/24/2010 |
| **Odometer Reading/Status:** | 37,924 ACTUAL MILEAGE | **Odometer Date:** | 2/24/2010 |
| **Color:** | WHITE | **Vehicle Type:** | AUTO |
| **Net Weight:** | 4,613 | **Owner Information:** | 1 owner |
| Electronic Title with Electronic Lien | | **Salvage:** | |
| **Brands:** | | | |

| Lien Information | | | |
|---|---|---|---|
| **Name** | **Address** | **Date** | **Receipt Date** |
| SANTANDER CONSUMER USA | PO BOX 961288<br>FORT WORTH, TX 76161- 0288 | 2/24/2010 | 3/19/2010 |

**If any of the information on this record needs to be corrected**, please contact your tax collector and complete appropriate paperwork to update the record.
**If you have lost or misplaced your title** and need to apply for a duplicate, click here for the form and instructions.

Exhibit C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

John Kenneth Pritchard,

Debtor(s)

Case No. 19-12791

Chapter 7

**AFFIDAVIT OF INDEBTEDNESS IN SUPPORT OF SANTANDER CONSUMER USA INC.'S MOTION FOR RELIEF FROM STAY**

Before me, the undersigned authority, personally appeared Erica Engel, who, being duly sworn, deposes and says:

1. I am Erica Engel. I am employed as a Bankruptcy Specialist by Santander Consumer USA Inc. ("Creditor").

2. This affidavit is based upon Creditor's loan payment records as of March 7, 2019. These records are regularly maintained in the course of business of Creditor and it is the regular practice of Creditor to make and maintain these records. These records reflect loan payments that are noted in the records at the time of receipt by persons whose regular duties include recording this information. I maintain these records for Creditor and regularly use and rely upon them in the performance of my duties.

3. Debtor maintains a loan, account number XXXX2386, with Creditor. Creditor holds a security interest in the following property:

**2006 TOYOTA TUNDRA, VIN 5TBET34126S542765**

4. The payments on this loan account, due for partial payment for October 24th, 2018 in the amount of $229.97, November 24th, 2018 through February 24th, 2019, in the amount of $460.27 each, and fees in the amount of $1,651.60 have not been received by Creditor.

Exhibt D

5. The payoff balance owed on this loan account is $8,342.20, as of March 7, 2019, excluding attorney fees and costs.

6. Creditor does not have current verifiable proof of collision and comprehensive insurance covering the vehicle.

7. The contract and proof of title attached to this motion as exhibits are true and accurate copies of the original documents.

8. This concludes my affidavit.

E. Engel
Erica Engel

**SWORN TO AND SUBSCRIBED TO** before me under penalty of perjury as being true and correct based on the personal knowledge of Creditor's books and business records this 15th day of March, 2019, by Erica Engel, who is personally known to me.

NOTARY PUBLIC:

Sign: [signature]

Print: Janiscia K Jackson

State of Texas at Large

My Commission Expires: 11-12-2021

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:
JOHN KENNETH PRITCHARD,

Case no. 19-12791-BKC-JKO
Chapter 7

Debtor(s). /

**ORDER GRANTING SANTANDER CONSUMER USA, INC. RELIEF FROM STAY**

**THIS CAUSE** came before the Court on xxx, 2019 at xxx a.m. on Santander Consumer USA, Inc.'s Motion for Relief from Stay (DE #XX). Upon consideration of the motion and the record, it is

**ORDERED** that:

1. The motion is granted and the stay imposed pursuant to 11 U.S.C. Section 362 is modified so as to allow Santander Consumer USA, Inc. ("Santander") to repossess or replevy the **2006 TOYOTA TUNDRA SR5 DOUBLE CAB 2WD V8, VIN 5TBET34126S542765 (Account #XXX2386)**, to sell the vehicle, and to apply the

Exhibit E

proceeds of the sale of the vehicle to the amount owed to Santander.

2. The stay is modified for the purpose of allowing Santander to obtain and sell the vehicle and to apply the proceeds of the sale to the indebtedness owed to Santander or to proceed in a Court of competent jurisdiction for the sole purpose of seeking in rem remedies. Santander shall not seek nor obtain any in personam judgment against the debtor(s).

3. Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is not applicable and Santander may immediately enforce and implement this order granting relief from stay.

###

Copies furnished via ECF to:

Gerard M. Kouri, Jr., Esq., counsel for Santander
Office of the US Trustee
Chad S. Paiva, Trustee
Jeffrey Solomon, Esq., attorney for debtor

Attorney Kouri is directed to mail a conformed copy of this Order to John Kenneth Pritchard, debtor, immediately upon receipt of this Order and shall file a certificate of service with the Clerk of the Court.

Submitted by:
GERARD M. KOURI, JR., P.A.
5311 King Arthur Ave, Davie, FL 33331
Tel (954) 862-1731; Fax (954) 862-1732
Email: gmkouripaecf@gmail.com